**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**HOD CARRIERS AND COMMON LABORERS UNION LOS ANGELES LOCAL 300, San Bernardino Local 783 and El Monte Local 1082, Respondents.**

No. 18732.

United States Court of Appeals
Ninth Circuit.

Sept. 9, 1964.

Rehearing Denied Oct. 28, 1964.

Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Melvin J. Welles, William J. Avrutis, Attys., National Labor Relations Board, Washington, D. C., for petitioner.

Alexander H. Schullman, Los Angeles, Cal., for respondent.

Before POPE and BARNES, Circuit Judges, and THOMPSON, District Judge.

PER CURIAM.

This case is here upon the petition of the National Labor Relations Board seeking enforcement of its order issued against the above named respondents and which is reported in 128 N.L.R.B. 971 and 134 N.L.R.B. 1768, to which reference may be made for ascertainment of the facts here involved. The only question before us is whether the Board's rulings are supported by substantial evidence.

In general the Board found that the respondents, who operated hiring halls under arrangements with various employers, refused to place some five applicants for employment upon their referral list unless they first joined the Union. This the Board held constituted a violation of § 8(b) (2) and (1) (A) of the National Labor Relations Act as amended, in that they caused the employers to discriminate against these five employee applicants, and accordingly the Board required the respondents to cease and desist from such refusals and from coercing job applicants in any like or related manner. The respondents were required to make whole the employees against whom they discriminated in amounts to be determined in compliance proceedings and to post the customary notices.

The case as presented to us presents solely a question of fact. A discussion of the evidence before the Board would not be useful in establishing any general principle or as a precedent for any other case. It is sufficient to say that in our view the Board's findings are based upon substantial evidence and the order should be enforced. On the facts there is no basis for a requirement to pay compensation to the would-be employee Carlos.

Accordingly it is ordered that the said order of the Board be and the same is hereby ordered enforced, and an order to that effect shall issue from this court.